Clarence Edward ASHLEY, Appellant,

v.

STATE OF CALIFORNIA, Appellee.

No. 21611.

United States Court of Appeals
Ninth Circuit.

July 9, 1968.

———◇———

Carl Shapiro (argued), San Anselmo, Cal., for appellant.

Nelson Kempsky (argued), Deputy Atty. Gen., Thomas Lynch, Atty. Gen., Sacramento, Cal., for appellee.

Before HAMLIN, MERRILL and ELY, Circuit Judges.

PER CURIAM:

Appellant, in custody of the warden of California State Prison at Folsom following conviction of crime in the California state courts, here seeks release by habeas corpus.

He has had a history of insanity. Prior to his state trial the judge ordered that to ascertain his competence to stand trial he be examined by three psychiatrists. Following three days of examination their report was filed with the court, stating that in their opinion appellant was capable of assisting counsel in the preparation of his defense. Appellant was offered assistance of counsel. He expressed the desire for such assistance in an advisory capacity, but insisted that he wished to act for himself at the time of trial. The court, under the authority of California decisions, refused to assign him counsel in an advisory capacity and accordingly appellant served as his own attorney throughout trial. His conviction was sustained by the Supreme Court of California. People v. Ashley, 59 Cal.2d 339, 29 Cal. Rptr. 16, 379 P.2d 496 (1963). Upon application to the state courts, habeas corpus was denied.

In Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966), the Court vacated judgment of the Supreme Court of Arizona and remanded the case for further proceedings, noting:

"Although petitioner received a hearing on the issue of his competence to stand trial, there appears to have been no hearing or inquiry into the issue of his competence to waive his constitutional right to the assistance of counsel and proceed, as he did, to conduct his own defense."

In the case before us the District Court, in denying habeas corpus, noted that both Westbrook v. Arizona, supra, and Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), to which the Supreme Court referred in Westbrook, had been decided since Cal-

ifornia courts had last given consideration to the points here urged by appellant. The District Court, being of the view that state courts should first have the opportunity to reassess appellant's rights in the light of these opinions, ruled that appellant had not exhausted his available state remedies.

We agree. Since these cases present a potential ground for relief upon which state courts have not yet ruled, appellant should first seek habeas corpus upon this ground in the state courts.

Judgment affirmed.